107 F.3d 874
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Yancey L. WHITE, Defendant-Appellant.
 No. 96-3045.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1997.*
Decided Feb. 6, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Yancey White was convicted by a jury of three counts of distributing a controlled substance in violation of 18 U.S.C. § 841. On appeal, he challenges only the in-court identification of him by a key state's witness.
 
 
 2
 At trial, White was identified by police officer Kyle McLaughlin as the person who sold McLaughlin crack cocaine on February 9, February 15, and March 3, 1995. White contends that this identification was tainted by an unconstitutional identification procedure because, five days after the first drug buy, McLaughlin was shown a single photo of White and asked whether that was the person who had sold him the crack. After McLaughlin positively identified his photo, White contends, McLaughlin formed the impression and became convinced that White was the crack dealer, leading to the tainted in-court identification. Because White failed to object to the agent's identification prior to or at trial, we review its admission for plain error only. United States v. Funches, 84 F.3d 249, 254 (7th Cir.1996).
 
 
 3
 This court applies a two-part inquiry to determine whether an identification procedure violates a defendant's due process rights. Johnson v. McCaughtry, 92 F.3d 585, 595 (7th Cir.), cert. denied, 117 S.Ct. 596 (1996); Funches, 84 F.3d at 253. "First, the defendant must establish that the identification procedure was unreasonably suggestive. Second, if the defendant establishes that the procedure was unduly suggestive, we determine whether the identification, viewed under the totality of the circumstances, is nonetheless reliable." Johnson, 92 F.3d at 595 (internal citations omitted). Five factors determine whether an unduly suggestive identification is otherwise reliable: "1) the opportunity of the witness to view the criminal at the time of the crime, 2) the witness' degree of attention at the time, 3) the accuracy of the witness' prior description of the criminal, 4) the level of certainty demonstrated by the witness at the identification, and 5) the length of time between the crime and the identification." Id. at 596 (citing Manson v. Braithwaite, 432 U.S. 98, 114 (1977)).
 
 
 4
 White submits that a single-photo identification in a non-emergency situation is per se unduly suggestive, citing Braithwaite, 432 U.S. at 109, 116. Assuming that White has shown the first step, however, he stumbles on the second, because we conclude that the identification here was otherwise reliable. McLaughlin testified that on three separate occasions he was able to view White's face clearly, in daylight at close range, for approximately two minutes at a time. McLaughlin, as a trained police officer working on an investigation of Yancey White, knew that he would be required to testify in court, and, because the police officers made no use of surveillance cameras or recordings, he knew that his testimony would be crucial to establishing a case against White. Thus, he could be expected to employ a high degree of attention. McLaughlin was certain of the identification, and only five days elapsed between the time McLaughlin first saw White and the time he identified the photo. Additionally, McLaughlin made two subsequent buys from White and thus had ample opportunity to correct any misperceptions caused by the photo identification. As in the substantially similar circumstances of Manson v. Braithwaite, 432 U.S. at 114-17, the identification here was otherwise reliable. We see no plain error.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)